# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUIS OSCAR RAMIREZ DE ARELLANO ORTIZ**, <br>    Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, et al. <br>    Defendants. | CIV. NO. 17-2351 (MDM) |

## ORDER

This tort action arises under the Federal Tort Claims Act ("FTCA"). Plaintiff Luis Oscar Ramírez de Arellano ("Plaintiff") alleges that he was the victim of physical assault and verbal aggression by a security guard at the Out-Patient Clinic in Mayagüez, a site operated by the Department of Veterans Affairs ("VA"). *See* Amended Complaint, Docket No. 23. Co-defendant, the United States of America (the "United States"), is being sued for the alleged misconduct and/or unlawful activity of the security guard, whom Plaintiff alleges is a government employee of the VA. *Id.* Plaintiff seeks to impose liability upon the United States pursuant to the FTCA and upon co-defendant One Corps, Inc. ("One Corps") pursuant to Puerto Rico law for the alleged failure to train or adequately supervise contracted personnel, and failure to protect the patients while in their facilities. *Id.*

The United States denies any liability and argues that the tortious acts imputed in this case, if any, were committed by a security guard employed by One Corps, who is an independent contractor of the United States. Accordingly, the United States moves to dismiss the action against it alleging that pursuant to the FTCA, this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because the United States solely responds for the acts or omissions of its employees and *not* those of independent contractors. *See*

Docket No. 43. Plaintiff opposes the dismissal of the action against the United States. *See* Docket No. 50.

For the reasons espoused more thoroughly below, the Court **GRANTS** the United States' Motion to Dismiss at Docket No. 43 and **DISMISSES with prejudice** all claims against the United States.

I.  **Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of federal subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Where, as in the present case, the Court is presented with a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court construes the plaintiff's complaint liberally and ordinarily "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." *Aversa v. United States,* 99 F.3d 1200, 1209–10 (1st Cir.1996); *see also Merlonghi v. United States,* 620 F.3d 50, 54 (1st Cir.2010). Thus, in deciding a motion under Rule 12(b)(1), the Court is *not* circumscribed to the allegations in the complaint and may "take into consideration extra-pleading material." *Wojciechowicz v. United States,* 530 F. Supp. 2d 421, 424 (D.P.R.2007) (quoting 5B Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (2d ed.1990), p. 213 (internal quotation omitted). Based on the foregoing, this Court has previously found that "[w]here movant has challenged the factual allegations of the party invoking the district court's jurisdiction, the invoking party must submit affidavits and other relevant evidence to resolve the factual dispute regarding jurisdiction." *Id.* (internal quotation omitted).

To rule on a motion to dismiss under Rule 12(b)(1), the Court shall apply the same standard of review which is applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Negrón–Gaztambide v. Hernández–Torres,* 35 F.3d 25, 27 (1st Cir.1994); *see also Caraballo–Meliá v. Suarez–Domínguez,* Civ. 08–2205, 2010 WL 830958 at *1 (D.P.R. March 4,

2010). A complaint survives a Rule 12(b)(6) motion to dismiss where it alleges "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In analyzing the sufficiency of the complaint, the Court accepts the complaint's allegations as true and draws all reasonable inferences in the plaintiff's favor. *Dixon v. Wells Fargo Bank, N.A.*, 798 F. Supp. 2d 336, 339-40 (D.Mass.2011) (*citing Langadinos v. American Airlines*, Inc., 199 F.3d 68, 69 (1st Cir.2000)). "In order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sánchez v. Pereira–Castillo,* 590 F.3d 31, 41 (1st Cir.2009).

The party asserting jurisdiction has the burden of demonstrating its existence. *See Skwira v. United States,* 344 F.3d 64, 71 (1st Cir.2003) (citing *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995)). Accordingly, in the present case, because the Plaintiff is confronted with the United States' 12(b)(1) motion to dismiss, the Plaintiff has the burden of establishing that subject matter jurisdiction exists within the parameters of the "plausibility" standard established by *Twombly* and *Iqbal. See Sanchez v. United States*, 707 F. Supp. 2d 216, 225–26 (D.P.R.2010), *aff'd sub nom. Sanchez ex rel. D.R.S. v. United States*, 671 F.3d 86 (1st Cir.2012).

In this case, specifically, the inquiry is tilted toward the government's claim of immunity pursuant to the FTCA. "[T]he FTCA must be 'construed strictly in favor of the federal government and must *not* be enlarged beyond such boundaries as its language plainly requires.'" *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir.2011) (*quoting United States v. Horn,* 29 F.3d 754, 762 (1st Cir.1994)).

## II. **Discussion**

In the present case, the Court's federal subject matter jurisdiction is premised under Plaintiff's claims against the United States pursuant to the FTCA. *See* Docket No. 23. Plaintiff also lodged claims against One Corps but only pursuant to Puerto Rico law.[1] *Id*. Thus, the Court's federal subject matter jurisdiction hinges on the survivability of Plaintiff's FTCA claims against the United States.

### 1. The Federal Tort Claims Act

The Court may exercise jurisdiction over cases in which the United States is named as a defendant *only* where Congress has waived sovereign immunity. *See Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471 (1994); *see also Limone v. United States*, 579 F.3d 79, 88 (1st Cir.2009). The FTCA is an example of one such limited waiver of federal sovereign immunity where the case involves claims based on personal injury alleged to be "caused by the negligent or wrongful act or omission of *any employee of the Government while acting within the scope of his office or employment. . . .*" 28 U.S.C. § 1346. Thus, the FTCA provides a "carefully limited waiver" of the federal government's sovereign immunity for certain claims alleging *harm caused by United States employees* or agents. *Bolduc v. United States,* 402 F.3d 50, 62 (1st Cir.2005); *Carroll v. United States*, 661 F.3d 87, 93 (1st Cir.2011).

In summary, in its motion to dismiss, the United States disputes its liability for the alleged wrongful or negligent acts purportedly committed by the security guard against the Plaintiff at the Out-Patient Clinic in Mayagüez, which is a clinic that belongs to the VA. *See* Docket No. 43. Accordingly, the United States moves to dismiss this action based on the limitation on jurisdiction granted by the FTCA under the independent contractor defense. *Id*.

---

[1] The Amended Complaint states, specifically, that "ONE CORPS, INC., is being sued for the misconduct and/or unlawful activity, for failure to train, adequately supervise contracted personnel, and failure to protect the patients while in their facilities under the Puerto Rico Civil Code, Article 1802 and 1803, 31 L.P.R.A. Sec. 5141, et. seq." *See* Docket No. 23 at 2.

### A. The Independent Contractor Defense

The FTCA expressly does *not* waive the government's immunity for claims arising from the acts or omissions of independent contractors. *See Marina Bay Realty Trust LLC v. United States*, 407 F.3d 418, 2005 WL 1022094 at *3 (1st Cir.2005) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)) (quoting, inter alia, 28 U.S.C. § 2671). Under the independent contractor defense, the United States may *not* be held responsible for negligent acts or omissions committed by *employees of government contractors* whose daily operations are *not* closely supervised by United States officials—in essence, eliminating vicarious liability as a theory of recovery against the federal government. *See United States v. Orleans,* 425 U.S. 807, 815 (1976); *Wood v. United States,* 290 F.3d 29, 36 n. 4 (1st Cir.2002).

The key factor governing whether an entity providing services to the United States is an independent contractor is *whether the contractor, rather than the government, exercises day-to-day supervision and control of its own activities*. *See Orleans,* supra at 814 ("A critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to *control the detailed physical performance of the contractor*.'" (quoting *Logue v. U.S.,* 412 U.S. 521, 528 (1973)); *id.* at 815 (holding that independent contractor status under the FTCA turns on "whether [the contractor's] *day-to-day operations are supervised by the Federal Government*"); *see also Williams v. United States,* 50 F.3d 299, 307 (4th Cir.1995) (finding independent contractor status based on "a comprehensive instrument providing that [the contractor] was responsible for the maintenance of the Premises" and "the *daily operations* of the Premises"); *Carroll v. United States,* 661 F.3d 87, 94 (1st Cir.2011) (operator of childcare facility was independent contractor for federal government, as required for independent contractor defense to bar government's liability); *Larsen v. Empresas El Yunque, Inc.,* 812 F.2d 14, 16 (1st Cir.1986) (holding that the independent contractor defense applied where the responsible party ran the "*day-to-day operation* of [a] restaurant" that was located on premises "owned and controlled by the United States").

In its motion to dismiss, the United States claims that the security guard who allegedly assaulted the Plaintiff was employed by One Corps, an independent contractor of the government, and was *not* a federal government

employee. Because the United States is not liable for wrongful or tortious acts committed by an independent contractor, the United States argues that Plaintiff does not have a cognizable claim under the FTCA and, therefore, all claims against it must be dismissed. In contrast, Plaintiff opposes the dismissal of the claims against the United States by disputing the status of One Corps as an independent contractor and alleging that the security guard who committed the alleged tortious acts is "in reality" an employee of the United States, rather than an employee of One Corps.

In deciding on the United States' motion to dismiss, the Court may consider whatever evidence and extra-pleading material was submitted by the parties. Here, the only evidence submitted by the parties was the agreement between the United States and One Corps, which was offered by the government to prove that One Corps is an independent contractor. Plaintiff did *not* submit evidence of any kind.

        i.   *The Contract*

The contract between the United States (through the VA) and One Corps is central to the Court's inquiry. Being the only piece of evidence submitted to the Court, the contract between the VA and One Corps is critical in determining the United States' relationship with One Corps and, as will be seen, the nature of that relationship is an essential component of the Court's jurisdictional analysis. *See Carroll v. United States,* 661 F.3d 87, 94 (1st Cir.2011); *Williams v. United States,* 50 F.3d 299, 307 (4th Cir.1995) (examining the contract between the government and contractor in evaluating contractor's status); *Brooks v. A.R. & S. Enters.,* 622 F.2d 8, 11 (1st Cir.1980) ("Contracts typically define the parameters of the contracting parties' responsibilities").

In this case, neither party disputes the contract's language or that the contract adequately reflects the parties' agreement and obligations. The Court is thus satisfied that the document submitted by the United States adequately memorializes the agreement between the VA and One Corps. Docket No. 44-1.

As to One Corps' independent contractor status, on the one hand, the United States argues that the contract plainly states, and memorializes the parties' intention, that One Corps was contracted as an independent

contractor to provide guard services at certain VA premises. On the other hand, Plaintiff claims that the contract does *not* state that the relationship between the VA and One Corps is intended to be that of an independent contractor. Plaintiff however failed to point to a single section of the contract that substantiates such a claim. Also, while Plaintiff basically claims that the contract "states a great level of supervision from the VA towards" One Corps, Plaintiff did not direct the Court to any section of the contract that corroborates his blanket assertion that One Corps is *not* an independent contractor.

The Court conducted an independent and thorough review of the contract and was not persuaded by Plaintiff's arguments. For the reasons discussed more fully below, the Court finds that One Corps *is* an independent contractor within the meaning of the contract.

To begin with, the contract states that the VA contracted with One Corps to provide unarmed security guard services at certain VA premises, including the Out-patient Clinic in Mayagüez. Docket No. 44-1 at 1. Significantly, the contract specifically defines One Corps as a contractor of the federal government. *Id.* To that effect, the contract includes a section titled, "Performance Work Statement," wherein it states that the "[t]*he contractor shall furnish all labor, managerial supervision, material, equipment, transportation and associated supplies necessary to provide unarmed security guard services at the specified locations. See id.* at 14.

The contract also includes a detailed section titled "Management and Supervision," wherein it unequivocally states that One Corps will manage and supervise the totality of the work performed by the security guards. S*ee id.* at 31. The section specifically states:

> *The Contractor shall manage the total work effort associated with the guard services required herein to assure fully adequate and timely completion of these services.* Included in this function will be a *full range of management duties* including, but not limited to, *planning, scheduling, report preparation, establishing and maintaining records, and quality control. The Contractor shall provide* an adequate staff of personnel with *the necessary management expertise to assure the*

> *performance of the work* in accordance with sound and efficient management practices.
>
> (a) Work Control: *The <u>Contractor</u> shall implement all necessary scheduling and personnel/equipment control procedures to ensure timely accomplishment of all guard services requirements.*
>
> *The <u>Contractor</u> shall arrange for satisfactory supervision of the contract work and shall provide the level of supervision to ensure that employees are properly performing all duties* as specified in accordance with the contract.

Docket No. 44-1 at 31.

Further, the contract details the security guards' required qualifications and states that <u>One Corps</u> "*shall insure all guards meet all training*, licensing, and certification *requirements* . . . ." and the contract itself refers to the individuals performing guard services as the <u>*contractor's employees*</u>, and not the VA's. *Id*. at 20. In pertinent part, the contract includes a section titled, "Pre-Performance Training and Job Knowledge," which states that <u>One Corps</u> *shall provide all pre-performance and in-service training* [for the guards] and is responsible for all associated expenses. *Id*. The section further states that <u>One Corps</u> "*shall* provide a certified instructor to *conduct all of [the] training which directly pertains to the duties to be performed by the contractor guards.*" *Id*.

As to standards of conduct, the contract states that <u>One Corps</u> "*shall maintain satisfactory standards of employee competency, conduct*, appearance, *and integrity*, and [is responsible] for taking such disciplinary action against his/her employees as may be necessary. Each contracted employee is expected to adhere to standards of conduct that reflect credit on themselves, *their employer* and the United States Government." *Id*. at 25.

After reviewing the contract, the Court finds that its terms and provisions are clear, unambiguous, and undisputed by the parties. The contract's plain language explicitly disproves Plaintiff's unsupported assertion that One Corps is *not* a contractor. Indeed, under the contract executed between the VA and One Corps, One Corps *is* an independent contractor. Further, from the explicit language of the contract, it seems clear

that the security guards providing services at the VA facilities are employees of One Corps and *not* employees of the United States. Finally, the Court finds that the contract's provisions further the purpose of a contracting agreement between the VA and One Corps whereby One Corps assumes the full responsibility of providing, managing, training, and supervising the performance of the security guard services at various VA facilities, including the Out-Patient Clinic in Mayagüez.

The Court's conclusion, however, does not dispose of the issue entirely because Plaintiff alternatively argues that, notwithstanding One Corps' independent contractor status within the meaning of the contract, the true analysis lies in the *substance* of the relationship between the contracting parties and *not* the terminology of the contract. For the reasons espoused further below, the Court also rejects Plaintiff's alternative argument.

> ii. *Did One Corps, rather than the VA, exercises day-to-day supervision and control of One Corps' personnel?*

In his opposition to the motion to dismiss, Plaintiff alternatively argues that even if One Corps was an independent contractor under the contract's terms, "in reality," the relationship between One Corps and the VA was that of an employer-employee because the VA "has extensive control over the work done by One Corp['s] personnel." Docket No. 50 at 4. This argument does not pass muster.

In cases like this, where the Court's jurisdiction is being challenged, the party invoking the Court's jurisdiction "must submit affidavits and other relevant evidence to resolve the factual dispute regarding jurisdiction." *Wojciechowicz v. United States,* 530 F. Supp. 2d 421, 424 (D.P.R.2007). Here, Plaintiff did *not* offer *any* type of evidence to support a finding that the *actual* execution of the contract shows that the VA, "in reality," exercised any supervision or control over the guards in terms of their daily operations. This omission proves fatal to Plaintiff's case.

At the outset, Plaintiff did not present *any* extrinsic evidence supporting his contention that, in practice, One Corps is not an independent contractor. Other than making reference to a test established by the National Labor Relations Board ("NLRB") and guidelines by the Equal Employment Opportunity Commission ("EEOC") to determine whether someone is in fact an independent contractor, Plaintiff did *not* offer any *evidence* to support his argument that the VA had substantial control over the daily supervision and operations of the security guards, which is the critical inquiry. *See Orleans,* supra at 814 (holding that the key factor governing whether an entity providing services to the United States is an independent contractor is whether the contractor, rather than the government, exercises *day-to-day supervision and control of its own activities*.) Plaintiff failed to provide the Court with *any* evidence to demonstrate how the VA, and *not* One Corps, exercised day-to-day supervision and control of the services provided by the security guards.

Furthermore, in his opposition, Plaintiff *only* referred to the contract for his conclusory proposition that in the day-to-day operations of the security guards' services the VA exercised a "great level" of supervision and management. But, as previously determined by the Court, the terms of the contract are clear and unambiguous in establishing that the responsibility to manage and supervise the daily operations of the security guards rested entirely with One Corps. The contract specifically provides that the United States did *not* carve out responsibility for managing or supervising the security guards. The contract also designates that the United States delegated in a comprehensive manner the day-to-day authority and control over the security guards to One Corps.

Finally, while the contract anticipates government-specified schedules and procedures for various activities of One Corps' personnel, such level of detail does *not* negate the contract's overall status as a performance-based contract with One Corps as an independent contractor. The varying levels of specificity in the contract signify only that the United States determined that certain tasks needed more explicitly stated performance expectations.

*Carroll v. United States*, 661 F.3d 87, 98–99 (1st Cir.2011). *See, e.g., Orleans,* 425 U.S. at 817–18 (noting that the independent contractor in that case "must comply with extensive regulations" and guidelines, although the contracting agency does *not* have the "power to supervise the daily operation" of the contractor); *Logue v. United States,* 412 U.S. 521, 529-30 (1973) (finding independent contractor status where the contractor must follow detailed federal rules and standards, but "the agreement gives the United States no authority to physically supervise the conduct of the [contractor]'s employees").

Based on the foregoing, the Court must reject Plaintiff's argument that One Corps was *not* an independent contractor purportedly because the VA retained responsibility over the daily work performed by One Corps' personnel.

In conclusion, Plaintiff failed to make a plausible argument that One Corps is *not* an independent contractor. The Court finds that both under the terms of the contract, and, as a matter of practice, One Corps was an independent contractor with control and responsibility over the day-to-day management and supervision of its personnel. Such responsibility logically extends to the daily supervision and control of the security guards' activities and performance at the VA's premises. The Court finds therefore that the independent contractor defense applies in this case, which bars the United States' liability.

Because One Corps is an independent contractor of the United States and the security guard who allegedly caused damages to Plaintiff is an employee of One Corps, the United States *cannot* be held liable for the alleged negligent acts or omissions of the security guard. It is black-letter law that the United States may *not* be held liable for injury caused by the acts or omissions of independent contractors' employees in the day-to-day discharge of the duties the contractors were hired to perform. *See Marina Bay Realty Trust LLC v. United States*, 407 F.3d 418, 2005 WL 1022094 at *3 (1st Cir.2005) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). As such, Plaintiff does not have a cognizable claim under the FTCA and therefore all claims against the United States must be dismissed.

### III. Conclusion

For the reasons discussed herein, Plaintiff failed to reach the level of "plausibility" mandated by *Twombly* and *Iqbal* to show that subject matter jurisdiction exists pursuant to the FTCA for the tortious actions alleged by the Plaintiff against the United States. Accordingly, the Court may not exercise jurisdiction over the United States in this case and must **GRANT** its Motion to Dismiss at Docket No. 43. Plaintiff's claims against the United States are hereby **DISMISSED with prejudice**.

Because the Court's federal subject matter jurisdiction was premised under Plaintiff's FTCA claim, and such claim was dismissed, there are no federal claims remaining against any defendant. Plaintiff's only surviving claims are those lodged against One Corps pursuant to Puerto Rico law. In cases where the plaintiff's federal claims are dismissed, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward *declining* to exercise jurisdiction over the remaining state-law claims." *Rodríguez v. Doral Mortg. Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995). Consistent therewith, the Court, in its discretion, declines to exercise pendent jurisdiction over Plaintiff's claims under Puerto Rico Law. Accordingly, the Court hereby **DISMISSES** Plaintiff's pendent state law claims.

Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 2nd day of July 2019.

*s/Marshal D. Morgan*
MARSHAL D. MORGAN
United States Magistrate Judge
District of Puerto Rico